UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF SOUTH FLORIDA

CASE NO.

VICTOR RODRIGUEZ,

JURY TRIAL YES

Plaintiff,

vs.

WELLS FARGO N.A.

FILED by ___ D.C.

MAR 1 9 2018

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

/

## CIVIL CLAIM

The PLAINTIFF, VICTOR RODRIGUEZ, acting pro se, makes this claim against

WELLS FARGO N.A. and states as follows:

**I.      Jurisdiction and Venue and Parties:**

1. This Court has jurisdiction over the parties and subject matter herein, because the subject property is located in the State of Florida.

2. This Court has jurisdiction over the claims pursuant to Title 26 Subchapter (A) \ Chapter 1, Subchapter M, Part II, Section 850-862.

3. This Court has Jurisdiction over the Federal Claims pursuant to 28 U.S.C. secs. 1331 and 1337.

4. Constitution's 5th and 14th amendments. Plaintiff's Civil Rights/Liberties have been violated and the constitutions of the United States makes it illegal for anyone to

take property without just compensation and by the 5th amendment there can be no

proceeding against life, liberty, or property which may result in the observance of

those general rules established in our system of Jurisprudence for the security of

private rights which guarantees to each citizen the equal protection of the laws and

prohibits a denial thereof by any Federal official. (See rights) **Boiling v. Sharpe,**

**327 U.S. 497. U.S. vs Kuwzbzva (DC-CAL) 56F Supp. 716.** Federal District

Courts can exercise "jurisdiction where the plaintiff's claim is merely a general

challenge to the constitutionality of the state law applied in the state action ,..."

*Hood v. Keller,* 341 F.3d 593, 597 (6th Cir. 2003) (internal quotations omitted).

Defendants' Removal action is approved for such a challenge and such

challenges have been made in federal courts. See **Hutcherson v. Lehtin** 313

F. Supp. 1324 (1970) in which a group of tenants sued in a class action under **42**

**U.S.C. § 1983** on behalf of all those who are forced by their poverty to live in

rental units that did not conform to applicable Municipal Housing Codes. Sued

were the owner of the apartment house and presiding Judge of the Alameda County

Superior Court and County Sheriff and others.

5. This Court has jurisdiction over the claims because Claimant's property and the

property secured by the Note and Mortgage at issue is located at:

**LOT 24, IN THE BLOCK 3, OF CORAL GABLES SECTION "E",
ACCORDING TO THE      PLAT THEREOF, AS RECORDED IN PLAT
BOOK 8 AT PAGE 13, OF THE PUBLIC RECORDS OF MIAMI DADE
COUNTY, FLORIDA.
Common Street Address:
1229 Alhambra Circle, Coral Gables, FL. 33134**

**Parcel Identification Number:  03-4107-016-0400**

(hereinafter known as "the Property"), which is within this district. Further, the Defendants conducted business within the district, and the acts and transactions that constitute the violations of law, including the failure to disclose material information regarding the subject matter loan as required by both TILA and RESPA, occurred in this district.

6. Claimant, VICTOR RODRIGUEZ, is a private Florida of Florida and Resides in Miami-Dade County.

7. Defendant WELLS FARGO N.A. (hereinafter known as "Bank") is a fictitious Defendant, the true names and capacities whether individual, corporate, associate or otherwise, are unknown to Claimant at this time. Claimant therefore sues said Defendant by such fictitious names and will ask for leave of this Court to amend this Complaint should and as their true names are ascertained.

8. Defendant, WELLS FARGO, N.A., is and was at all times material to, a banking institution, mortgage company and/or a loan service provider incorporated in the State of California with its principal place of business at 818 W 7th Street, Los Angeles, California 90017.

9. Defendant have caused events to occur in the State of Florida, which events are the subject matter out of which the claims alleged in this Claim arise.

10. That venue and jurisdiction is proper in this United States District Court, Southern District, for the State of Florida.

## II        Pro se pleading

11. Claimant comes before this Honorable Court in the instant cause as a Pro Se

Litigant. Claimant relied on Hall v. Bellmon, 935 F. 1106(10th Cir. 1991) where the the Court stated that; "**A Pro Se litigant's pleading are construed liberally and to a less stringent standard format pleading drafted lawyers...**" If a Court can reasonably read the pleadings to state a valid claim on which the Claimant could prevail, it should so despite the Claimant's failure to site proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction of hi unfamiliarity with pleading requirements"(Citation Omitted) " See also Riley v. Greene  149 F. Supp. 2D 1256(D. Colo. 2001).

**III**   **Argument**

12. Claimant hereby reserves ALL RIGHTS, including without limitations, the Right to join any and all other and/or new parties that Claimant may discover at any time during the proceeding.

13. Claimant asserts that the Defendant, "Bank" filed an illegal foreclosure on June 9th, 2016 alleging that the claimant defaulted on the $626,084.57 security instrument that said Defendant asserted that they were the holder in due Course/Lender of in order to enforce the security instrument.

14. Defendant "Bank" circumvented jurisdiction requirements in the 11th Judicial Circuit court in and for Miami-Dade County, by falsely claiming Defendant met the court's requisite elements of jurisdiction, primarily that Defendant is Real Party in Interest/Holder in Due Course of the security instrument. Defendant, "Bank", claim of being Real Property in Interest/Holder in Due Course was false, fraudulent and unlawful. Pursuant to, inter alia Rule 17(a), Defendant must

prove Defendant is the Real Party in Interest.

15. The Defendant, "Bank" was not in possession of the original security instrument therefore, the foreclosure action on the claimant' private property is/was wrongful according to the Federal case law. No ENTITY can be "Creditor/Lender/Holder in Due Course" if they don't hold the asset in question, [i.e. the Note and/or the property]; and Mortgage Pass-through Trusts, [i.e. R.E.M.I.C., as defined in the Internal Revenue Code Title 26, Subtitle A, Chapter 1, Subchapter M, Part II, §850-862] cannot hold assets, for they do, their tax-exempt status is violated and the Trust itself is void ab initio.

16. The Defendant, "Bank", has claimed they obtained the title to claimant's property from Wachovia Mortgage, FSB has not been able to provide legal documentation for the transfer and foreclose on the Claimant's property.

17. Claimant has made Defendant, "Bank" aware of their misrepresentation and unjust enrichment, and as such brings this action for declaratory judgement for their rights to the security instrument interest and tortious interference with contract and to address and remedy Defendant unlawful contract.

IV.        **Factual Background**

18. A federal backed mortgage instrument was executed on behalf of WORLD SAVINGS BANK, an instrument the "Bank" now claims".

19. On June 9th, 2016, Defendant "Bank" filed a foreclosure complaint against the defendant in the 11th Judicial Circuit Court in and for Miami-Dade

County Case# 2009-82628-CA-01., alleging the claimant defaulted in making

payments on the security agreement while asserting that they the Defendant

"Bank" are the Holders in Due Course to enforce or demand payment on the

security instrument.

20.  The Defendant proceeded to foreclosure against the Plaintiff and eventually

acquired a foreclosure sale date and on June 9th, 2016 the property was foreclosed

on.

21.  Un waivered by Defendant's improper actions in the State Court, the Plaintiff

filed a writ of Mandamus with the 3rd District Court of Appeal. (Exhibit "A')

22.  Plaintiff eventually won his petition and the Lower Tribunal Court was directed

to reverse the Judgement and Sale. (Exhibit "B") Furthermore proving that the

actions of the Defendant are fraudulent and for the sole purpose of lining their

pockets with unjust enrichments.

V.        **Relevant Facts**

23. The Defendant "Bank" has failed to produce the necessary documents to

satisfy the legal and constitutional law to deprive the claimant his rights to be

secured in the property.

24. According to Florid House Bill 87 Florida HB 87 Section 3 Section 702.015,

Elements of complaint; lost, destroyed, or stolen note affidavit, -(2) A complaint

that seeks to foreclose a mortgage or other lien on residential property,

including individual unites of condominiums and cooperatives, designed

principally for occupation by from one to four families which secures a

promissory note must: (a) Contain affirmative allegation expressly made by the

Plaintiff at the time the proceeding is commenced that the Plaintiff is the holder of the original note of the secured mortgage.

25. Florida HB87 702.015 (3) If a party has been delegated the authority to institute a mortgage foreclosure action on behalf of the holder of the note, the complaint shall describe the authority of the Plaintiff and identify, with specificity, the document that grants the plaintiff the authority to act on the behalf of the holder of the note. None of the above mentioned was filed with the complaint, therefore, the defendant never had standing to grant the trial court jurisdiction to hear the foreclosure complaint.

26. Florida House Bill 87 s.702.015(4) if the plaintiff is in physical possession of the original promissory note, the plaintiff must file with this court, contemporaneously with and as a condition president to the filing of the complaint for foreclosure, certification, under penalty of perjury, that the plaintiff is in physical possession of the original promissory note. The certification must set forth the physical location of the note, the name and title of the individual giving the certification, the name of the person who personally verified such physical possession, and the time and date on which the possession was verified. Correct copies of the note and all allonges to the note must be attached to the certification. The original note and the allonges must be filled with the court before the entry of any Judgement of Foreclosure on Judgment on the note.

27. Also Pursuant to FL Statute 671.201(21), plaintiffs (most likely your lender or loan servicer) must meet two requirements in order to be considered owner or bearer of the Note: first, they must be in possession of the original instrument and

second, the original Note must be endorsed, either in blank or in the plaintiff's name.

28. Federal Circuit Courts have ruled the only way to prove the perfection of any security is by actual possession of the security, See, Matter of Staff Mrtg. & Inc. Corp., 550 F.2d 1228(9th Cir 1977)

29. In "Fontenot v. State, 932 s. W. 2d 185 "Judicial action without jurisdiction is void" The federal law is applicable to all states, the U.S. Supreme Court stated that "if a court is without authority, its judgements and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to recovery sought, even prior to a reversal in opposition to them. They constitute no justification and all persons concerned in executing such judgement or sentences are concerned, in law as trespassers" Brook v. Yawkey, 200 F. 2D 633; Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828). Therefore, the final judgement is moot which causes a chain reaction of legality or jurisdiction in that case, that caused the following injuries:

VI.      **COUNT I: Misrepresentation and Unjust enrichment**

30. Defendant "Bank" presented before the Trial Court, a Copy of the security instrument implying that they were the Holders in Due Course of the Original security instrument in order to move the court to perform an illegal foreclosure.

31. Defendant were/are not in possession of the original security instrument at the time of the foreclosure to enforce or demand a payment from Claimant, which is required by federal, state, and UCC law that governs commercial transactions.

Defendant claim to be the holder/owners of the original security at the foreclosure trial court in their state proceedings was a complete fraud upon the court.

32. By the Defendant's "Bank", filing their complaint in state Court, as the assumed holder of the original security instrument which they were not, proves misrepresentation to the courts and the claimant because evidence attached to this claim, is represented to prove that "Bank" was not in possession of the security to file a valid claim on claimant's private property.

33. The Security instrument was processed by MERS and the status of the security instrument became inactive.  According to the Black's Law Dictionary "Inactive is defined as void, canceled, idle, suspended, latent, etc. Therefore, according to MERS the alleged servicing company of the security instrument for Defendants, the security became void, meaning that the security instrument is not enforceable.

34. Defendant's "Bank" filing with the Securities and Exchange Commission(SEC) shows interconnected and affiliated parties that aided and abetted a pattern by fraud by the originating lender, and thus, trust could not acquire the rights of the holder-in-due-course per U.C.C. § 3-203 (b). (England v. MG Investments, Inc. , 93 F. Supp. 2d 718 (S.D.W. VA 2000). Under U.S. laws, securitization is illegal, primarily because it is fraudulent and causes specific violations of RICO, usury, antitrust laws.

35. It was therefore functionality impossible for Defendant "Bank", to prove that they were the Real Party in Interest/Holder in due-course without presenting to the foreclosure court the Genuine Original Promissory Note.

36. It is therefore an incontrovertible fact that the Defendant "" was not "Bank" in possession of the Genuine Original Promissory Note, and accordingly, it is an incontrovertible fact that the Defendant committed fraud upon the foreclosure a court by falsely and/or fraudulently claiming Defendant filed the Genuine Original Promissory Note in the foreclosure case in trial court.

37. Therefore, the purported security instrument that was filed in the foreclosure case, obviously did not meet the requirements as stated under 18 U.S.C. § 474 as a "Copy" of the security and was therefore a counterfeited Security that was presented as evidence in the foreclosure matter in an attempt to further defraud the claimant. This Counterfeited security falls under 18 U.S.C. § 513, therefore, what was filed, was within violation of 18 U.S.C. § 514.

38. Therefore, all payments made to defendant based on the Defendant stating the were holder of the security instrument is misrepresentation. Defendant "Bank" made a false statement on the Claimant's property.  This not only constitute Misrepresentation but also unjust enrichment.

39. A Court such as the 11th Judicial Circuit Court in and for Miami-Dade County, "cannot confer jurisdiction where none exsted and cannot make a void proceeding valid" People ex rel. Gowdy v Baltimore & Ohio R.R. Co., 385 III. 86, 92, 52, N.W. 2d 255 (1943). The Foreclosure action was illegal, bogus, fraudulent and therefore null and void. Fraud Voids All Contracts, Judgments and Orders!. "Fraud vitiates the most solemn Contracts, documents and even judgments" [U.S. vs. Throckmorton, 98 U.S. 61, at pg. 65.

40. Defendant committed unjust enrichment. Unjust enrichment is where one person

is unjustly enriched at the expense of another.   These acts took place while the Defendant "Bank" invested/traded/sold the claimant's intellectual property / security instrument on the stock market.

41. Discovery will prove that the Defendant "Bank" had no standing to file a foreclosure against the claimant and all the documents that was presented before the state Court is Fraudulent.

42. Defendant's must rebut Any and All Allegations and/or claims with specificity, quoting facts and laws; or Defendant thereby stipulates Defendant agree with Claimant's Allegations and/or Claims; and Defendant forever forsake Claimant's allegations and/or claims in any court. Merely denying Claimant's allegations and/or claims are not sufficient to survive a Motion for Summary Judgment against Defendant.

43. Pursuant to F.R. Cv. P. Rule 8(b)(6) and/or all allegations and/or claims made by Claimant Must be accepted as true by this court unless said allegations and/or claims are rebutted with a preponderance of the evidence by Defendant. Any and all such avowries and/or averments presented by Defendant must be et hoc paratus est verificare and done under penalty of perjury.

## VII.     <u>RELIEF</u>

Claimant moves this court for judgment against Defendant as follows:

1. This Court enter an Order for full-reconveyance of the ownership interest and entitlement to the Claimant on the property in question; and

2. Defendant be ordered to remove any and all negative derogatory comments and remarks

made to the various credit reporting bureaus against the Claimant's credit rating: and

3. For punitive, emotional, and actual damages of $1,000,000.00 for the above violations: and,

4. Any other and further relief that this court deems just and proper.

### VIII.        **Demand for Jury by Trial**

The Claimant hereby demand a trial by Jury of all the Claimant's claims so triable.

RESPECTFULLY SUBMITTED: This 19th day of March 2018.

**Respectfully Submitted,**

Victor Rodriguez
1229 Alhambra Circle
Coral Gables, FL 33134

# MASTER SERVICE LIST

**WELLS FARGO NA**
**818 W 7TH STREET, STE 930**
**LOS ANGELES, CA 90017**

IN THE THIRD DISTRICT COURT OF APPEAL
STATE OF FLORIDA

VICTOR RODRIGUEZ                          Third DCA Case No.: 3D16-1933
-Appellant(s),

v.                                        Lower Court Case No.: **2009-82628-CA-01**

WACHOVIA MORTGAGE, FSB
Appellee(s).

## **PETITION FOR WRIT OF MANDAMUS**

Petitioner, Victor Rodriguez, pro se, pursuant to Fla. App. Rule

9.030(b)(3), and Rule 9.100(a), files this "Petition for Writ of Mandamus" to

direct Judge Jennifer Bailey, of the Eleventh Judicial Circuit Court in and for

Miami-Dade County Florida, Civil Division, to impose a Stay in Case#

2016-82628-CA-01, which was erroneously denied by Judge Jenifer Bailey

for not adhering to the previous orders she had granted allowing I, Victor

Rodriguez to be allowed to intervene and acknowledged by this court as an

indispensable party.(Wachovia Mortgage, FSB vs Victor Rodriguez/Juan

Rodriguez, under the doctrine of res adjudicate and or collateral estoppel,

and states:

1

## I.   BASIS FOR INVOKING JURISDICTION OF THE COURT.

**This Court has jurisdiction over this matter pursuant to Article V.** Section 4(b)(3) of the Florida Constitution and Fla. App. Rule[s] 9.030(b)(3) and 9.100(a). The Petitioner (Victor Rodriguez) seeks the extraordinary remedy of a writ of mandamus as relief in regards to the Denial Order Overruling Defendant's Objection to Foreclosure Sale, Vacate Final Summary Judgement, Add Indispensable Parties, and Cancel the Certificate of Sale of Case No. 2009-82628-CA-01

This case is rich with discrimination against the pro se litigant who has diligently followed the rules of court, only to be blindsided by unscrupulous attorneys. Acts by the Honorable Judge Bailey who at all times carried her court room strict to the law and whom I admired as a pro se litigant for her stand on Foreclosure Mills, robo signing, etc.; which led her to write the Foreclosure Bench book in 2013

In the Instant case Judge Bailey's order Overruling Defendant's Objection to Foreclosure Sale, Vacate Final Summary Judgement, Add Indispensable Parties, and Cancel the Certificate of Sale, completely set aside the Florida Riles of Civil Procedure in that she already granted multiple time I, Victor Rodriguez the right to intervene and furthermore threatened to impose sanctions against Plaintiff's attorneys if they did not correct the complaint. Something they did do eventually, and admitted to

the court they errored in adding me to the instant action as an indispensable party.

The Courts failure, for whatever reason, to follow the Rules of Court and prevailing case law, is a departure from the requirements of due process of law and has cause Petitioner (Victor Rodriguez) irreparable financial and emotional distress, in which there are no other adequate remedies.

## II.    STATEMENT OF FACTS

(a) <u>This Petition for Writ of Mandamus is filed in regards to a Judge's ruling that completely disregards the precedent she set in this case and the actions by 3rd Parties attorney's to disregard Civil rules of Procedure and furthermore file fraudulent statements in the 11th District Court in and for Miami-Dade County, Florida.</u>

Petitioner (Victor Rodriguez) has filed an additional motion to the 3rd District court of Appeals which has ask the Appellate court to review the Denial of the Lower Tribunal's court Motion to Stay (Exhibit "A"). the Motion itself expresses in detail with attachments the Facts in this Case.

The urgency for Writ of Mandamus is That 3rd Party Purchaser has set a hearing for Writ of Possession. 3rd party at all time has had all my contact

information including phone, email and address.  At know time did he
coordinate this hearing with me, the Appellant. I, Victor Rodriguez,
continuing to follow the appropriate rules of procedure have attempted in
every fashion to coordinate with the 3rd Party Counsel to no avail.

Plaintiff's counsel was made aware that "intentionally scheduling a
conflicting proceeding in bad faith or without good cause with full
knowledge of the unavailability of the opposing party or counsel is
sanctionable  conduct. *Tenderloin Housing Clinic, Inc. v Sparks(1992) 8
Cal. App. 4th 299, 307.* Obviously they believe they are above the law.  I felt
I had no Choice but to file upon the Lower Tribunal Court a Ex-parte
Motion to Cancel Hearing and the proposed order( Exhibit "B").

## III NATURE OF RELIEF SOUGHT

The Petitioner is requesting that his Writ of Mandamus be
granted and that this Court direct Judge Jennifer Bailey to rescind the
Certificate of Title in Case no.  2016-82628-CA-01 and request that the
records of the case referenced be called up and considered by this honorable
court, and order the judges and or Clerk of Courts to Rescind the Certificate
of Title, and order restitution as allowed by law in the instant case.

4

## IV ARGUMENT IN SUPPORT OF PETITIONER'S EMERGENCY
## REQUEST FOR WRIT OF MANDAMUS

Petitioner is between the proverbial "rock and a hard place" where case No. 2016-82628-CA-01 Certificate of title has been issued fraudulently and the Petitioner (Victor Rodriguez) is in grave Danger of losing his Homestead.

A hearing for "Writ of Possession" has been set without my Knowledge. I, have attempted with no avail to contact the Counsel for 3rd Party Attorney to coordinate this hearing.

"Writ of Mandamus should be granted because this Honorable Court will see in black in white that the orders granted by the Honorable Judge Bailey established me Victor Rodriguez as an indispensable party to the case.

## CONCLUSION

Petitioner asserts that the recent order by Judge Jennifer Bailey contradicted not only her previous orders but defied the Laws of the State of Florida.  Also that the actions of 3rd Party's Counsel has disregarded the

5

Civil Rules of Procedure in order to attain an unfair advantage for his client. This has deprived petitioner/defendant of due process of law and has prejudiced the pro se litigant who has diligently attempted to follow the rules of court, but has found complacency or deliberate prejudicial behavior, in the Miami-Dade County Judicial System.  Petitioner requesst this Court grant the petition for Writ of Mandamus ordering the Lower Tribunal Court to rescind the Certificate of Title, and reinstate the pro se dignity, and grant petitioner (Victor Rodriguez) any other relief just due and owing.

Respectfully Submitted,

Victor Rodriguez, pro se

1229 Alhambra Circle

Coral Gables, fl. 33134

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document was sent via regular U.S. Mail to: Kass Shuler, P.A., Attn: George Zamora., at PO Box 800, 1505 N. Florida Ave, Tampa, FL, 33601 and Cristobal Padron ESQ at 2095 SW 76th St, suite 111, Hialeah, FL 33016 on this 29th, day of November, 2016

Respectfully Submitted,

Victor Rodriguez, pro se

1229 Alhambra Circle

Coral Gables, FL 33134



CFN: 20170118203 BOOK 30440 PAGE 3016
DATE:03/01/2017 04:10:03 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE C

# M A N D A T E

from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### THIRD DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Richard J. Suarez, Chief Judge of the District Court of Appeal of the State of Florida, Third District, and seal of the said Court at Miami, Florida on this day.

| | |
|---|---|
| DATE: | March 01, 2017 |
| CASE NO.: | 16-1933 |
| COUNTY OF ORIGIN: | Dade |
| T.C. CASE NO.: | 09-82628 |

STYLE:    **VICTOR RODRIGUEZ**    v.    **WACHOVIA MORTGAGE, FSB**



ORIGINAL TO:    Miami-Dade Clerk

cc:  Emily Y. Rottmann       Sara F. Holladay-Tobias    C. H. Houston, III
      Victor Rodriguez

la

CFN: 20170118203 BOOK 30440 PAGE 3017

# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2017.

———————————

No. 3D16-1933
Lower Tribunal No. 09-82628

———————————

**Victor Rodriguez,**
Appellant,

vs.

**Wachovia Mortgage, FSB,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jennifer D. Bailey, Judge.

Victor Rodriguez, in proper person.

McGuireWoods LLP, and Sara F. Holladay-Tobias, Emily Y. Rottmann, and C.H. Houston, III (Jacksonville), for appellee.

Before LAGOA, SALTER, and FERNANDEZ, JJ.

PER CURIAM.

### CONFESSION OF ERROR

CFN: 20170118203 BOOK 30440 PAGE 3018

Appellant, Victor Rodriguez ("Rodriguez"), appeals from the entry of a Final

Foreclosure Judgment in favor of Appellee, Wells Fargo Bank, N.A., as successor

in interest to Wachovia Mortgage, FSB (the "Bank"). The Bank concedes that

Rodriguez was not a party below. Based on the Bank's confession of error, we

reverse the trial court's entry of Final Judgment of Foreclosure, and remand to the

trial court for vacatur of the Final Judgment of Foreclosure.[1]

---

[1] On remand, the Bank may file a motion to amend the complaint to include the
proper parties.

2